UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GUILLERMO CAMBA, | Case No. CV 13-09482-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

    Plaintiff Guillermo Anthony Camba ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security disability benefits. The Court concludes that the ALJ did not provide specific and legitimate reasons adequately supported by substantial evidence for rejecting the opinions of Plaintiff's treating physicians. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income benefits on February 28, 2011, alleging

disability beginning October 17, 2008. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of rheumatoid arthritis, psoriatic polyarthritis, morbid obesity, psoriasis, lower extremity stasis dermatitis, and a history of leg edema, but concluded that Plaintiff was not disabled because there were significant jobs available in the regional and national economy that Plaintiff could still perform despite his impairments. Administrative Record ("AR") 19-26.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) failing to give controlling weight to the opinions of Plaintiff's treating physicians; and (2) assessing Plaintiff's credibility.[1] See Joint Stipulation ("JS") at 7.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance.

---

[1] Because the Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians, the Court does not reach the second issue and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinions of his treating physicians, Dr. Gustavo Casillas (who in turn oversees Jorge Rodriguez, a physician assistant) and rheumatologist Dr. Thomas Romano. JS at 7-15. In two Multiple Impairment Questionnaires, dated September 8, 2011 and December 13, 2011, Dr. Casillas and PA Rodriguez provided information regarding the effect of Plaintiff's rheumatoid arthritis and other conditions on his ability to perform various work-related functions. AR 323-30, 419-26. On December 27, 2011, Dr. Romano authored an Arthritis Impairment Questionnaire, which provided similar information. AR 391-98. Both Drs. Cassilas and Romano opined that Plaintiff would be able to perform a reduced range of sedentary work based primarily upon limitations in standing, sitting, and walking due to pain, swelling, and joint inflammation.

The ALJ rejected these opinions as follows:

> In determining the claimant's residual functional capacity, the Administrative Law Judge has considered the multiple medical source statements that all advocate for some variation of a less than sedentary functional capacity. The longitudinal treatment

> record, however, as discussed above, provides no basis for such extreme functional restrictions. Even considering the claimant's history of morbid obesity per Social Security Ruling 02-1p (i.e. height of 6 feet 4 inches and weight of approximately 405 pounds), the undersigned notes that the claimant has consistently demonstrated the ability to walk without supportive devices. As such, these medical opinions though considered, appear to have taken the claimant's subjective allegations at face value and merely reiterated those allegations in the medical source statements regarding claimant's ability to work. Accordingly, even though they have been duly considered, in view of the overall record, they are not found to be persuasive.

AR 24 (citations omitted).

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The Court finds that the ALJ did not provide specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians. First, the ALJ's broad conclusion that the "longitudinal treatment record . . . provides no basis for" the functional limitations found by Plaintiff's treating physicians is not a specific, legitimate reason for rejecting those opinions. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

In fact, contrary to the ALJ's conclusion, the opinions of Drs. Casillas and Romano appear to be amply supported by the medical record. Since approximately June 2009, Plaintiff has complained of joint pain, swelling, and limitation of movement. Dr. Liem Ngo, Plaintiff's primary care provider from June 2009 to April 2010, noted joint swelling, hand and foot pain, skin plaques, leg edema, and limitation in movement of the hands and fingers. See AR 218, 221-227. Based upon his examination of Plaintiff, Dr. Ngo ordered a blood test in December 2009, which confirmed a positive rheumatoid factor. AR 229. Subsequently, Plaintiff began obtaining treatment from Dr. Casillas and PA Rodriguez, who diagnosed Plaintiff with rheumatoid arthritis. Over the course of 2010 and 2011, Plaintiff generally complained of moderate pain and swelling in his hands, knees, and legs. See, e.g., AR 269, 275, 281, 285, 372-373. Plaintiff was eventually referred to a rheumatologist. AR 251.

Similarly, the opinion of Plaintiff's treating rheumatologist, Dr. Romano, is also supported by the treatment record. Plaintiff saw Dr. Romano every six weeks from February to December 2011 for treatment related to his

5

joint pain and swelling. During his visits with Dr. Romano, Plaintiff consistently complained of crepitation, joint stiffness, warmth, swelling, "gelling" of the joints after periods of inactivity, deformity, and effusions. Plaintiff also presented with diffuse joint aches and decreased range of motion and pain in his knees. AR 339. Dr. Romano noted Plaintiff had joint inflammation and dactylitis of the nails and fingers. AR 251, 254.[2] Dr. Romano diagnosed Plaintiff with psoriatic arthritis and multiple joint pain and prescribed several drugs to treat Plaintiff's arthritis and arthritis symptoms such as joint pain, inflammation, and stiffness.[3] AR 251, 252, 254, 255, 332, 333, 334, 338, 339.

Rather than considering Plaintiff's medical records as a whole, the ALJ instead focused on a few select treatment notes. AR 23-24. While Plaintiff occasionally experienced relief from his joint pain and swelling, as noted by the ALJ, any such improvement was generally temporary. For example, although Plaintiff reported significant improvement of symptoms in March and April 2011, see AR 254, 284, 287, he was again experiencing worsening pain, joint inflammation, and decreased range of motion in June and September 2011, see, e.g., AR 332-33, 338, 339. "Occasional symptom-free periods - and even the sporadic ability to work - are not inconsistent with disability." Lester, 81 F.3d at 833. The ALJ may not cherry-pick evidence to support the

---

[2] Dactylitis, or "sausage digits," refers to swelling of an entire finger or toe and is a distinguishing indicator of psoriatic arthritis. See https://www.psoriasis.org/psoriatic-arthritis/classification-of-psoriatic-arthritis.

[3] Psoriatic arthritis is a condition involving joint inflammation that usually occurs in combination with the skin disorder psoriasis, which is a chronic inflammatory condition characterized by patches of red, irritated skin that are often covered by flaky white scales. See http://ghr.nlm.nih.gov/condition/psoriatic-arthritis.

conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination. See Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (holding that ALJ erred in selectively relying on some entries in the medical record while ignoring many others indicating continued, severe impairment).

Second, the fact that Plaintiff may have the ability to walk without a supportive device is also not a specific and legitimate reason for rejecting the opinions of Plaintiff's treating physicians. Although the records cited by the ALJ do indicate that Plaintiff had a normal gait, see AR 254, 274, 284, 333, 338, 349, the ALJ fails to explain how the fact that Plaintiff can walk without a cane undermines the overall validity of Plaintiff's treating physicians' opinions, particularly given that these opinions appear to be supported by the longitudinal treatment record, as discussed above.

Finally, the ALJ's rejection of the treating physicians' opinions because they "appear to have taken the claimant's subjective allegations at face value and merely reiterated those allegations," AR 24, is similarly not a specific and legitimate basis for discrediting those opinions. As noted above, the treating physicians' opinions appear to be amply supported by the longitudinal treatment record, including multiple physical examinations and positive clinical findings. The ALJ does not specifically identify any portion of the opinions of Plaintiffs' treating physicians which "merely reiterate[]" Plaintiff's subjective complaints. This is an insufficient justification for rejecting the treating physicians' opinions. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (reasons given by the ALJ for rejecting treating physician's opinion were "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).

7

Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate for the ALJ to fully and properly consider the opinions of Plaintiff's treating physicians and to determine whether those opinions support a finding of disability.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: July 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge